UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Lavell C. Robinson, | Case No. 2:24-cv-00853-DJA |
| Plaintiff, | |
| v. | Order[1] |
| TCP Global Corporation, | |
| Defendant. | |

This is an employment discrimination case arising out of Plaintiff's allegation that his employer, Defendant TCP Global Corporation wrongfully terminated him for requesting a day off related to his disability. (ECF No. 1-1 at 6). Plaintiff, appearing *pro se*, sues Defendant for damages, alleging claims for wrongful termination, disability discrimination, and failure to accommodate. (*Id.* at 7). Defendant moves to dismiss Plaintiff's complaint, or alternatively, for a more definite statement and to strike Plaintiff's exhibits to his complaint. (ECF No. 6). Plaintiff moves to remand the case back to state court and for the Court to sanction Defendant for improper removal. (ECF No. 10). Plaintiff also filed a motion "to not strike," which appears to be his response to Defendant's request that the Court strike the exhibits to Plaintiff's complaint. (ECF No. 13). Plaintiff moves the Court to appoint him counsel (ECF No. 14) and to stay discovery pending that appointment (ECF No. 21).

Because the Court finds that Defendant properly removed this action, it denies Plaintiff's motion to remand and for sanctions. Having found that the action is properly in federal court, and

---

[1] Under General Order 2023-11, this case has been assigned to the undersigned Magistrate Judge. (ECF No. 3). The parties have not timely exercised their option to decline consent to the undersigned's jurisdiction over this case by returning the form provided by the Court within twenty-one days of their first appearance. (ECF Nos. 3, 4). So, the parties are "deemed to have knowingly and voluntarily consented to proceed before the assigned Magistrate Judge." (ECF No. 3 at 1).

finding that Plaintiff does not state a claim upon which relief can be granted, the Court grants in part and denies in part Defendant's motion to dismiss. It grants it in part regarding Defendant's request to dismiss Plaintiff's complaint. It denies it in part regarding Defendant's request for a more definite statement and to strike Plaintiff's exhibit. The Court also denies Plaintiff's motion "to not strike" because it is really a response to Defendant's motion to dismiss. Finally, the Court denies Plaintiff's motion for appointment of counsel and denies his motion to stay discovery.

## DISCUSSION

### I. Plaintiff's motion to remand and for sanctions.

Plaintiff argues that the Court should remand the case to state court because Defendant's removal was untimely. (ECF No. 10). He adds that the Court should sanction Defendant for the improper removal. (*Id.* at 1). Plaintiff asserts that he served Defendant with his original complaint on March 20, 2024, and so, Defendant's notice of removal filed on May 6, 2024, was outside of the thirty-day timeframe for removal under 28 U.S.C. § 1446(b). (*Id.* at 3).

Defendant responds that its removal was timely under 28 U.S.C. § 1446(b)(3) because it removed the action within thirty days of learning that Plaintiff was bringing his claims under state and federal law. (ECF No. 16 at 1-2). Defendant explains that the basis of Plaintiff's claims for "wrongful termination," "disability discrimination," and "failure to accommodate" was not clear from Plaintiff's original complaint. (*Id.*). But in his response to Defendant's state-court motion to dismiss—which response Plaintiff filed on April 19, 2024—Plaintiff clarified that he was bringing his disability discrimination and failure to accommodate claims under state and federal law. (*Id.*). It was this response, Defendant argues, that triggered the thirty-day period for it to remove this action. (*Id.*). Because its removal was proper, Defendant asserts that Plaintiff's request for sanctions is moot. (*Id.* at 4).

Plaintiff replies and reiterates Defendant's removal was not timely. (ECF No. 17 at 1-2). Plaintiff argues that "[t]he initial complaint included the [Equal Employment Opportunity Commission ("EEOC")] notice of rights to sue, clearly indicating federal claims under the Americans with Disabilities Act (ADA). Defendant should have been aware of the Federal nature of the claims from the initial pleadings." (*Id.* at 3).

Upon notice of removability, a defendant has thirty days to remove a case to federal court once he knows or should have known that the case was removable. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1250 (9th Cir. 2006) (citing 28 U.S.C. § 1446(b)). Defendants are not charged with notice of removability "until they've received a paper that gives them enough information to remove." *Id.* at 1251. Specifically, "the 'thirty day time period [for removal] ... starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face' the facts necessary for federal court jurisdiction." *Id.* at 1250 (quoting *Harris v. Bankers Life & Casualty Co.*, 425 F.3d 689, 690–91 (9th Cir. 2005) (alterations in original)). "Otherwise, the thirty-day clock doesn't begin ticking until a defendant receives 'a copy of an amended pleading, motion, order or other paper' from which it can determine that the case is removable." *Id.* (quoting 28 U.S.C. § 1446(b)). A plaintiff may challenge removal by timely filing a motion to remand. 28 U.S.C. § 1447(c). On a motion to remand, the removing defendant faces a strong presumption against removal, and bears the burden of establishing that removal is proper. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir. 1996); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992).

Here, the Court finds that Defendants timely removed this action and thus denies Plaintiff's motion to remand and for sanctions. Plaintiff's original complaint did not state on its face the laws under which Plaintiff brought his claims. (ECF No. 1-1 at 5-8). And the EEOC notice of right to sue letter that Plaintiff references does not provide enough information from which Defendant could determine that Plaintiff brought his claims under federal law. (ECF No. 1-1 at 10-15). While the letter references claims brought under federal law, it does so generally. (*Id.*). On the other hand, Plaintiff's response to Defendant's state-court motion to dismiss clearly states that his disability discrimination and failure to accommodate claims arise under both federal and state law.[2] (ECF No. 1-3 at 4). It was only from this response that the Defendant had

---

[2] Plaintiff does not specifically state that his failure to accommodate claim arises under federal and state law. However, Plaintiff asserts that he "was terminated because [he] had to assess [his] disability, which constitutes discrimination under both federal and state law." (ECF No. 1-3 at 4). Plaintiff's failure to accommodate claim is based on the same facts: that Defendant failed to accommodate him by failing to allow him to take time off to assess his disability. (ECF No. 1-1

enough information to remove. Removal is also proper because, by raising his claim for discrimination under the ADA, this Court has federal question jurisdiction over the discrimination and failure to accommodate claims and supplemental jurisdiction over the remaining claim. *See* 28 U.S.C. § 1331; *see* 28 U.S.C. 1367. The Court denies Plaintiff's motion to remand and for sanctions.

**II.    Defendant's motion to dismiss or for more definite statement and to strike.**

*A.    Motion to dismiss.*

"A dismissal under Federal Rule of Civil Procedure 12(b)(6) is essentially a ruling on a question of law." *North Star Int'l v. Ariz. Corp. Comm.*, 720 F.2d 578, 580 (9th Cir. 1983). At minimum, a plaintiff should state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint need not contain detailed factual allegations, but it must contain more than "a formulaic recitation of the elements of a cause of action." *Id.* at 555. The Rule 8(a) notice pleading standard requires the plaintiff to "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Id.* (internal quotation marks and citation omitted). The "plausibility standard" does not impose a "probability requirement"; rather, it requires a complaint to contain "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotations omitted).

In considering a motion to dismiss for failure to state a claim upon which relief may be granted, all material allegations in the complaint are accepted as true and are to be construed in a light most favorable to the non-moving party. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336,

---

at 7). The Court thus construes Plaintiff as asserting that both his disability discrimination and failure to accommodate claims arise under state and federal law. And case law supports this construction because the Ninth Circuit has analyzed failure to accommodate claims with the same framework as disability discrimination claims. *Compare Samper v. Providence St. Vincent Med. Ctr.*, 675 F.3d 1233, 1237 (9th Cir. 2012) (failure-to-accommodate) *with Mayo v. PCC Structurals, Inc.*, 795 F.3d 941, 944 (9th Cir. 2015) (disability discrimination).

337-38 (9th Cir. 1996). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.*

A court should assume the veracity of well-pleaded factual allegations and "then determine whether they could plausibly give rise to an entitlement of relief." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* (quotation marks, citation, and brackets omitted). Thus, a complaint may be dismissed as a matter of law for "(1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim." *Smilecare Dental Group v. Delta Dental Plan*, 88 F.3d 780, 783 (9th Cir. 1996) (quoting *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984)).

The United States Supreme Court's decision in *Ashcroft v. Iqbal* provides a two-step framework for considering the sufficiency of factual allegations subject to a motion to dismiss under FRCP 12(b)(6). First, the Court may choose to begin by identifying which of the complaint's factual allegations are no more than "legal conclusions" or "mere conclusory statements," because "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678, 680. The inquiry then becomes whether the remaining nonconclusory allegations make it plausible that an actionable claim exists. *Id.* at 681.

The Supreme Court has consistently held that *pro se* pleadings are "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (citation omitted). So, a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff[s] can prove no set of facts in support of [their] claim [that] would entitle [them] to relief." *Id.* (cleaned up). If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the

complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

### 1. Wrongful termination.

The Court grants Defendant's motion to dismiss Plaintiff's wrongful termination claim. "A wrongful termination claim provides a former employee with a remedy where her employer has wronged her by terminating her employment in violation of public policy, such as by retaliating against the employee for exercising workers' compensation rights." *Patush v. Las Vegas Bistro, LLC*, 449 P.3d 467, 469 (Nev. 2019); (citing *Hansen v. Harrah's*, 675 P.2d 394, 396-97 (Nev. 1984)). More broadly, the claim involves injury to a person by violating his rights to engage in certain behavior that is protected by public policy, such as seeking workers' compensation, performing jury duty, or refusing to violate the law. *D'Angelo v. Gardner*, 819 P.2d 206, 212 (Nev. 1991). The Nevada Supreme Court has emphasized that "public policy tortious discharge actions are severely limited to those rare and exceptional cases where the employer's conduct violates strong and compelling public policy." *Sands Regent v. Valgardson*, 777 P.2d 898, 900 (Nev. 1989).

Here, Plaintiff does not allege a colorable claim for wrongful termination because he does not sufficiently allege that Defendant terminated him because of his disability. Nevada has a public policy against disability discrimination, exemplified by its statutory prohibition of discrimination on the basis of disability. *See* Nev. Rev. Stat. § 613.330. However, as outlined more fully below, Plaintiff has not sufficiently alleged that he has a disability or that Defendant terminated him for requesting an accommodation for that disability. Without that underlying factual basis for his claim, Plaintiff has not alleged that Defendant terminated him in violation of public policy. The Court thus grants Defendant's motion to dismiss Plaintiff's wrongful termination claim.

### 2. Disability discrimination and failure to accommodate.

The Court grants Defendant's motion to dismiss Plaintiff's federal and state disability discrimination and failure to accommodate claims. To establish a prima facie case of disability discrimination—including a claim for failure to accommodate—under the ADA and under

Nevada law,[3] a plaintiff must allege the following elements: (1) he is a disabled person within the meaning of the statute; (2) he is a qualified individual able to perform the essential functions of the job with reasonable accommodation; and (3) he suffered an adverse employment action because of his disability. *Mayo v. PCC Structurals, Inc.*, 795 F.3d 941, 944 (9th Cir. 2015); *Samper v. Providence St. Vincent Medical Center*, 675 F.3d 1233, 1237 (9th Cir. 2012). With respect to the first element, the ADA defines a "disabled person" as an individual who has (1) "a physical or mental impairment that substantially limits one or more major life activities of such individual"; (2) "a record of such an impairment"; or (3) "being regarded as having such an impairment…" 42 U.S.C. § 12102(1); *Coons v. Sec'y of U.S. Dep't of Treasury*, 383 F.3d 879, 884 (9th Cir. 2004). With respect to the second, the ADA defines "qualified individual with a disability" as "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8).

Here, Plaintiff does not allege the first or second elements of disability discrimination and failure to accommodate and does not allege sufficient facts to establish failure to accommodate. Regarding the first and second elements, Plaintiff does not allege that he is a disabled person within the meaning of the statute and does not allege that he is a qualified individual able to perform the essential functions of the job with reasonable accommodation. Plaintiff simply alleges that he was "wrongfully terminated on January 16th[,] 2023, for requesting a day off to assess his disability, as seen in Exhibit 1." But other than generally referring to a disability, Plaintiff does not allege what his physical or mental impairment is or how it substantially limits

---

[3] "A claim for disability discrimination under NRS § 613.330 is evaluated using the same standard as a claim for disability discrimination under the ADA because NRS § 613.330, in relevant part, is a codified state-law amalgam of the federal scheme under the ADA." *Matthys v. Barrick Turquoise Ridge, Inc.*, No. 3:20-cv-00034-LRH-CLB, 2023 WL 6379629, at *11 (D. Nev. Sept. 29, 2023) (citing *Shufelt v. Just Brakes Corp.*, No. 2:16-cv-01028-GMN-CWH, 2017 WL 379429, at *3 (D. Nev. Jan. 25, 2017); *Bullard v. Las Vegas Valley Water Dist.*, 2:15-cv-00948-JAD-VCF, 2018 WL 715358, at *4 (D. Nev. Feb. 5, 2018); *Pope v. Motel 6, LLC*, 114 P.3d 277, 280 (Nev. 2005) (applying the federal courts' ADA analysis to a discrimination claim brought under Nevada law)).

his daily activities. And while Plaintiff includes an attachment to his complaint consisting of various records and text messages including some references to health conditions, those references are not sufficient to establish the first element. Plaintiff also does not sufficiently allege the second element because he does not allege that he could perform the essential functions of his job with reasonable accommodation. Plaintiff does not allege what the essential functions of his job were or that he could perform them with the accommodation he requested.

Also absent from Plaintiff's complaint are facts about the accommodation he requested. Other than attaching certain text messages in which Plaintiff requested time off of work for various reasons—which is not sufficient factual detail—Plaintiff does not provide sufficient facts about his requested accommodations. Plaintiff does not explain how much time he requested off of work. He does not explain how he asked Defendant for the time off, when he asked Defendant for the time off, how Defendant responded to the request, or even how Defendant terminated him. Plaintiff does not explain who he spoke to about requesting time off, whether he explained that he had a disability, or whether he explicitly requested an accommodation. Simply put, Plaintiff does not provide enough factual allegations about his claim. The Court thus grants Defendant's motion to dismiss Plaintiff's disability discrimination and failure to accommodate claims. Because it has granted Defendant's motion to dismiss each of Plaintiff's claims, the Court dismisses Plaintiff's complaint without prejudice and with leave to amend.

### B. Motion for more definite statement and motion to strike.

Because the Court grants Defendant's motion to dismiss Plaintiff's complaint, Defendant's requests that the Court require a more definite statement and strike Plaintiff's exhibits are moot. So, the Court denies these requests. The Court also denies Plaintiff's "motion to not strike." (ECF No. 13). That motion appears to be Plaintiff's response to Defendant's request that the Court strike the exhibits Plaintiff attaches to his complaint, so it is not properly filed as a separate motion. In any event, the Court has denied Defendant's motion to strike, rendering Plaintiff's response moot.

**III.     Plaintiff's motions for appointment of counsel and to stay discovery.**

The Court denies Plaintiff's motions for appointment of counsel and to stay discovery. (ECF Nos. 14, 21). Courts have authority to request that an attorney represent any person unable to afford counsel. 28 U.S.C. § 1915(e)(1). Whether to appoint counsel is within the discretion of the district court and requires a showing of exceptional circumstances. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). To determine whether exceptional circumstances exist, courts consider the likelihood that the plaintiff will succeed on the merits as well as the plaintiff's ability to articulate his claims "in light of the complexity of the legal issues involved." *Id.* Neither factor is dispositive, and both must be viewed together. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

Here, exceptional circumstances do not exist. The Court has granted Defendant's motion to dismiss, so Plaintiff will be unable to succeed on the merits of the complaint as it is written. Plaintiff must now file an amended complaint if he wishes to proceed with this action and, until he does, the Court cannot determine whether he is likely to succeed on the merits of his case. Additionally, Plaintiff has demonstrated an ability to articulate his claims well in light of the complexity of the legal issues he raises. Plaintiff has shown that he is capable of following Court deadlines and addressing arguments raised by the Defendant. The Court thus denies Plaintiff's motion for appointment of counsel.

Additionally, Plaintiff asks the Court to stay discovery pending its decision on his motion for appointment of counsel, which motion the Court has denied. So, the Court denies his motion to stay as moot. Discovery has also not yet begun in this Court because it does not appear that the parties have engaged in the Federal Rule of Civil Procedure 26(f) conference and the parties have not filed their discovery plan as required by Nevada Local Rule[4] 26-1.

---

[4] This refers to the Local Rules of Practice for the United States District Court, District of Nevada, which can be found online at https://www.nvd.uscourts.gov/court-information/rules-and-orders/.

1    **IT IS THEREFORE ORDERED** that Defendant's motion to dismiss (ECF No. 6) is **granted in part and denied in part.** It is granted in part regarding Defendant's request that the Court dismiss Plaintiff's complaint. It is denied in all other respects.

**IT IS FURTHER ORDERED** that Plaintiff's complaint (ECF No. 1-1) is **dismissed without prejudice and with leave to amend** for failure to state a claim upon which relief can be granted. Plaintiff will have until **August 16, 2024** to file an amended complaint. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) to make the amended complaint complete. This is because, generally, an amended complaint supersedes the original complaint. Nevada Local Rule 15-1(a) requires that an amended complaint be complete without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged. **Failure to comply with this order may result in the dismissal of this case.**

**IT IS FURTHER ORDERED** that Plaintiff's motion to remand (ECF No. 10) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff's motion not to strike (ECF No. 13) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel (ECF No. 14) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff's motion to stay discovery (ECF No. 21) is **denied as moot.**

DATED: July 17, 2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE